

FILED

FEB 2 2 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:                                    )   Chapter 11
                                          )
JOHN WINSTON STONE and SHIRLEY            )   No. 2-05-bk-13837-JMM
DURDEN STONE,                             )
                                          )   **MEMORANDUM DECISION**
            Debtors.                      )
_____ )

Before this court is a motion to reopen the administrative case filed by Debtors John W. Stone and Shirley D. Stone.

## FACTS

On January 26, 2006, the above-captioned Debtors filed an adversary proceeding in this court, as an ancillary action to a prior chapter 11 case commenced by them, but now dismissed.[1]

The chapter 11 case had been voluntarily filed on August 2, 2005. However, the Debtors failed to appear for their required 11 U.S.C. § 341 meeting,[2] and failed to pay the balance of their filing fee.[3]

---

[1]    Adversary No. 2-06-ap-00130-JMM

[2]    Dkt. #43.

[3]    Dkts. #4 and #7.

h:\wp\orders\

Additionally, the Debtors themselves moved to dismiss their chapter 11 case, by motion filed on August 30, 2005 (Dkt. #35).

In the meantime, creditor Kent C. Harding filed a motion for stay relief (Dkt. #14), and served a notice upon the Debtors, advising them of a hearing on said motion on August 31, 2005 (Dkt. #25).

On August 30, 2005, the Debtors filed their motion to dismiss. They also noted that they would not appear at the August 31, 2005 stay hearing (Dkt. #35). The Debtors did not contest stay relief on the merits, and essentially defaulted.

At the hearing on August 31, 2005, the court (1) granted the motion for stay relief (Dkts. #34 and 38), and (2) granted the Debtors' motion to dismiss the chapter 11 case (Dkt. 48). Neither order was appealed within the ten days required by FED. R. BANKR. P. 8002. Such orders are final.

On February 14, 2006, the Debtors filed a pleading seeking to reopen the case. The purpose of reopening was to enable them to prosecute a § 362(h) willful stay violation action.

## DISCUSSION

On February 14, 2006, the Debtors filed a motion which this court interprets as a motion to reopen their chapter 11 case.

Section 350(b) of the Bankruptcy Code authorizes a court to reopen a case for cause. "Cause" is a discretionary standard which enables a court to reopen a case, among other things, "to accord relief to the debtor . . . ." Here, the Debtors desire to reopen their chapter 11 case for the sole purpose of pursuing a creditor for "willfully violating the stay."[4] The record in the underlying chapter 11 case, however, reflects that stay relief was granted to creditor Kent Harding <u>before</u> he completed his forfeiture of Debtors' leasehold interest.

---

[4] The motion also purports to describe other alleged an unrelated issues, many if not all of which included claims in a recently dismissed federal court case, No. CV 05-2626 PHX DCB.

Case 2:05-bk-13837-JMM    Doc 56    Filed 02/22/06    Entered 02/22/06 12:27:48    Desc
Main Document    Page 2 of 4

Moreover, the Debtors have not offered to pay the balance of their chapter 11 filing fee. Nor have they, in any way, explained their disregard of their duty to appear for the § 341 hearing in the case. Nor do they explain why, instead of responding to creditor Harding's stay relief motion on the merits, they instead announced that they would not appear at the hearing scheduled on the stay relief motion, and instead moved to--and were granted--dismissal of their chapter 11 case. Nor do Debtors propose to file a chapter 11 plan.

The Debtors long ago had their opportunity to present any meritorious defense or claim which they might have, but instead of doing so at the time, they now seek only to collaterally attack final orders which were entered months ago, and even contest District Court Judges Bury and McNamee's orders and judgments.

Such tactics abuse and pervert the legal system, and will not be condoned.

### RULING

Accordingly, a separate order will be entered which DENIES the Debtors' motion to reopen. This court will not entertain further motions form the Debtors. Any further dispute with this court's orders must be by appeal. FED. R. BANKR. P. 8002.

DATED: February 22, 2006.

*James M. Marlar*
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

1 | COPIES mailed this 22nd day of February, 2006, to:
2 |
3 | John Winston Stone
  | Shirley Durden Stone
  | 20245 N. 32nd Drive, #173
4 | Phoenix, AZ 85027
5 | Kent C. Harding
  | c/o Scott M. Clark
6 | Paul A. Henderson
  | 3008 North 44th Street
7 | Phoenix, AZ 85018-7206
8 | Office of the U.S. Trustee
  | 230 North First Avenue, Suite 204
9 | Phoenix, AZ 85003-1706
10 |
11 | By /s/ MB Thompson
   | Judicial Assistant
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |

h:\wp\orders\    4